**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| AXOS BANK,<br><br>       Plaintiff,<br><br> - against-<br><br>H POWERS LLC; JOEL WEISS; SHULEM LOW; BRIAN GIGLIO; DONALD ROCK; TEAGAN BROWN; JEAN-LOUIS BERTHET; BRIAN LEWIS; "JOHN DOE Nos. 1-10"; "JANE DOE Nos. 1-10"; and "XYZ Corp. 1-10", said names being fictitious, it being the intention of Plaintiff to designate any and all occupants of Mortgaged Property being foreclosed herein, and any parties, corporations or entities, if any, having or claiming an interest or lien upon the property,<br><br>       Defendants. | Case No. 1:24-cv-7702<br><br>**COMPLAINT**<br><br>COMMERCIAL MORTGAGE FORECLOSURE |

Plaintiff, Axos Bank ("Axos" or "Plaintiff"), by its attorneys, edny Saiber LLC, for its complaint, alleges as follows:

### INTRODUCTION

1. This is an action to foreclose on a commercial mortgage encumbering real property located at 294 Powers Street, Brooklyn, New York 11211, and known on the Tax Map of the Borough of Brooklyn, County of Kings as Block 2922, Lot 29, (the "Premises"). The Legal Description of the Premises is annexed hereto as Exhibit "A."

### PARTIES

2. Plaintiff is a federally chartered savings bank, having its principal office for the transaction of business at 4350 La Jolla Village Drive, Suite 140, San Diego, California 92122 and is thereby a citizen of California.

3. Upon information and belief, Defendant H Powers LLC ("Borrower"), is a limited liability company duly organized and existing under the laws of the State of New York and maintains its principal address at 670 Myrtle Avenue, Suite 7459, Brooklyn, New York 11205.

4. Upon information and belief, Defendant Joel Weiss ("Weiss") is an individual who resides at 26 Hart Street, Brooklyn, New York 11206.

5. Upon information and belief, Defendant Shulem Low ("Low") is an individual who, resides at 108 Franklin Avenue, Brooklyn, New York 11205.

6. Upon information and belief, the following Defendants have tenancy interests in the Premises that are subordinate to Plaintiff's interests:

    a. Brian Giglio

    b. Donald Rock

    c. Teagan Brown

    d. Jean-Louis Berthet

    e. Brian Lewis

7. Defendants John and Jane Does and XYZ Corp. 1-10 are currently unknown to Plaintiff but, upon information and belief, are tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the Premises.

**JURISDICTION AND VENUE**

8. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 and the Plaintiff and Defendants are citizens of different States.

9. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTUAL BACKGROUND

**The Loan**

10. Upon information and belief, for valuable consideration and for the purpose of securing payment to S III Capital Group LLC ("S III") of the principal sum of $1,400,000 with interest thereon, Borrower duly executed, acknowledged and delivered to S III a Mortgage ("Mortgage A") dated August 2, 2016, whereby the Borrower mortgaged to S III the Premises, described in said Mortgage, together with the appurtenances thereto and all fixtures and articles of personal property annexed to or used in connection with the Premises, as is more fully set forth in said Mortgage A. The Mortgage A was duly recorded in the Office of the City Register of the City of New York on August 19, 2016, at CRFN 2016000287160.

11. Mortgage A encumbers the real and personal property at the Premises

12. Upon information and belief, Mortgage A was assigned by S III to S3 RE Funding III LLC ("S3 RE"), by assignment of mortgage dated August 8, 2018, and recorded on August 20, 2018, in the Office of the City Register of the City of New York at CRFN 2018000279513.

13. Upon information and belief, Mortgage A was assigned by S3 RE to Bethpage Federal Credit Union by assignment of mortgage dated November 2, 2018, and recorded on November 7, 2018, in the Office of the City Register of the City of New York at CRFN 2018000369616.

14. Upon information and belief, for valuable consideration and for the purpose of securing payment to S III of the principal sum of $400,000 with interest thereon, Borrower duly executed, acknowledged and delivered to S III a Mortgage ("Mortgage B") dated August 2, 2016, whereby the Borrower further mortgaged to S III the Premises. Mortgage B was duly recorded in the Office of the City Register of the City of New York on August 19, 2016, at CRFN 2016000287162.

15. Upon information and belief, Mortgage B was assigned by S III to S3 RE by assignment of mortgage dated August 8, 2018, and recorded on August 20, 2018, in the Office of the City Register of the City of New York at CRFN 2018000279515.

16. Upon information and belief, Mortgage B was assigned by S3 RE to Bethpage Federal Credit Union, by assignment of mortgage dated November 2, 2018, and recorded on November 7, 2018, in the Office of the City Register of the City of New York at CRFN 2018000369617.

17. Upon information and belief, for valuable consideration and for the purpose of securing payment to Bethpage Federal Credit Union the principal sum of $480,000 with interest thereon, Borrower duly executed, acknowledged and delivered to Bethpage Federal Credit Union a Mortgage ("Mortgage C") dated November 2, 2018, whereby the Borrower further mortgaged to Bethpage Federal Credit Union the Premises. Mortgage C was duly recorded in the Office of the City Register of the City of New York on November 7, 2018, at CRFN 20180003696182.

18. Upon information and belief, simultaneously with execution of the Mortgage C, pursuant to a Consolidation, Extension and Modification Agreement, Borrower agreed to consolidation of Mortgages A, B and C, acknowledging the total unpaid principal balance due was $2,280,000 and executed and delivered to Bethpage Federal Credit Union a Consolidated Mortgage and Security Agreement ("Bethpage Consolidated Mortgage") and Consolidation, Extension and Modification Agreement ("Bethpage CEMA") dated November 2, 2018, and recorded in the Office of the City Register of the City of New York on November 7, 2018, at CRFN 2018000369618.

19. For valuable consideration, Mortgages A, B and C, as consolidated, was assigned by Bethpage Federal Credit Union to Axos on May 15, 2020, and recorded on May 26, 2020, at CRFN 2020000155408 in the Office of the City Register of the City of New York.

20. On or about May 15, 2020, for valuable consideration Borrower duly executed, acknowledged and delivered to Axos a Gap Note, whereby said Borrower undertook and promised to pay Axos the principal sum of $121,629.00 and interest thereon at the rate provided therein.

21. As security for the Gap Note, Borrower delivered to Axos a Mortgage ("Mortgage D") dated May 15, 2020, whereby Borrower acknowledged the total unpaid principal balance was $121,629.00 and further mortgaged to Axos the Premises together with the appurtenances thereto and all fixtures and articles of personal property annexed to or used in connection with the Premises, as is more fully set forth in Mortgage D. Mortgage D was duly recorded in the Office of the City Register of the City of New York on May 26, 2020, CRFN 2020000155409.

22. On or about May 15, 2020, for valuable consideration Borrower duly executed, acknowledged and delivered to Axos an Amended, Restated, Consolidated and Reaffirmed Secured Promissory Note (the "Note"), whereby said Borrower undertook and promised to pay Axos the principal sum of $2,350,000.00 and interest thereon at the rate provided therein. A true and correct copy of the Note is attached hereto as Exhibit "B."

23. As security for the Note, Borrower delivered to Axos an Amended, Restated, Consolidated and Reaffirmed Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing ("Axos Mortgage"), dated May 15, 2020, which amended, restated and reaffirmed Mortgages A, B, C and D, and Borrower acknowledged the total unpaid principal balance was $2,350,000.00, and further mortgaged to Axos the Premises, together with the appurtenances thereto and all fixtures and articles of personal property annexed to or used in connection with the Premises, as is more fully set forth in the Axos Mortgage. The Axos Mortgage was duly recorded in the Office of the City Register of the City of New York on May 26, 2020, CRFN 2020000155410. A true and correct copy of said Axos Mortgage is attached hereto as Exhibit "C."

24. As further security for the Note, Defendants Weiss and Low (collectively, "Guarantors") executed and delivered to Axos a guaranty in which they, "irrevocably, absolutely and unconditionally guarantees to [Axos] the full, prompt and complete payment when due," of the obligations under the Loan Documents (the "Guaranty").

25. The Note, Axos Mortgage and all other documents evidencing, securing or executed in connection with the loan ("Loan") are hereinafter referred to collectively as the "Loan Documents."

26. A UCC-1 Financing Statement evidencing Axos' security interest in Borrower's collateral at the Premises was recorded in the Office of the City Register of the City of New York, at CRFN 2020000155412 on May 26, 2020. A copy of the filed UCC is attached hereto as Exhibit "D."

27. Axos is the current owner and holder of the Note and Axos Mortgage.

**Default**

28. The Borrower has defaulted under the Loan Documents by failing to timely pay the amount due pursuant to the Note and Mortgage commencing on February 1, 2024, and continuing thereafter, and said amounts remain unpaid and in default.

29. Due to Borrower's failure to pay the amounts due under the Loan Documents, Axos sent to Borrower a Notice of Intent to Accelerate on April 10, 2024, demanding payment of the amounts due and owing under the Loan Documents, a copy of which is attached hereto as Exhibit "E."

30. Notwithstanding Axos' demand, Borrower has failed and refused to make payment to bring the Loan current under the Loan Documents.

**Remedies Upon An Event Of Default**

31. Pursuant to the Axos Mortgage, upon an event of default, Plaintiff has the right to declare the outstanding amounts immediately due and owing at its sole discretion and without notice or otherwise. Plaintiff also has the right to institute a proceeding for foreclosure.

32. Pursuant to the Axos Mortgage, upon a default by the Borrower, Plaintiff is entitled to immediate possession of the Premises and may collect and make use of the rents, profits and income from the Property.

33. The license granted to the Borrower for use of the rents automatically terminated upon an event of default under the Loan Documents and the Borrower is required to hold all rents collected thereafter in trust for Plaintiff.

34. The Note provides at section 19.10 that, "[i]n the event it is necessary for Lender to retain the services of an attorney or any other party to enforce or to commence any legal action to enforce the terms of this Note, the Security Instrument, or any of the other Loan Documents, or any portion hereof or thereof, Borrower agrees to pay to Lender, in addition to damages or other relief, any and all costs and expenses incurred in connection therewith." The Axos Mortgage similarly provides at section 6.7, "Mortgagor agrees to pay to Lender immediately and upon demand all costs and expenses incurred by Lender in the enforcement of the terms and conditions of this Mortgage (including. without limitation. court costs and attorneys' fees. whether incurred in litigation or not) with interest from the date of expenditure until said sums have been paid at the rate of interest applicable to the principal balance of the Note as specified therein."

35. No other action has been brought to recover any part of the debt due under the Loan Documents.

36. The Defendants herein have or may claim to have some interest in, or lien upon, the Premises or some part thereof, which interest or lien, if any, has accrued subsequent to the lien of the Axos Mortgage and is subject to subordination thereto.

37. In the event the Plaintiff possesses any other liens against the Premises either by way of a junior mortgage or otherwise, Plaintiff requests that such other liens shall not be merged into the

cause action set forth in this complaint, but that the Plaintiff shall be permitted to enforce said other liens and seek determination the priority thereof in any independent actions or proceedings including without limitation any surplus money proceeding.

38. The Premises under foreclosure herein is subject to any state of facts an accurate survey would show; and to covenants, restrictions, reservations, easements and agreements of record, if any, and any violations thereof; and to building restrictions and zoning ordinances of the town or municipality in which said Premises are situate, if any, and any violations thereof; and to conditional bills of sale, security agreements and financing statements filed in connection with said Premises, if any, but only to the extent that any of the foregoing are not barred or foreclosed by this action; and to all unpaid real estate taxes, assessments, water charges and sewer rents, which are liens upon the Premises but are not due or payable as of the time of the sale. In addition, the purchaser of the Premises at the foreclosure sale shall be required to pay all applicable local and state transfer taxes, deed stamps or other taxes due in connection with the transfer of the Premises.

## FIRST CAUSE OF ACTION
### (Foreclosure of Premises)

39. Plaintiff repeats each and every allegation set forth in paragraphs 1 through 38 as if fully set forth herein.

40. Borrower failed to cure and remains in default.

41. Axos has duly elected and does hereby elect to declare the entire principal sum secured by the Loan Documents to become immediately due and payable.

42. There is now justly due to Axos under the Axos Mortgage as of October 1, 2024 not less than $2,584,640.69, including principal of $2,330,575.16, with interest in the amount of $245,632.34, at the current rate of 18% per annum, and continuing to accrue interest thereon at

$1,165.28 per diem, plus late charges in the amount of $6,985.34, plus an escrow deficiency of $1,447.85, plus attorney's fees, costs and expenses.

43. In order to protect its security, the Plaintiff may be compelled, during the pendency of this action, to pay sums for premiums on insurance policies, real estate taxes, assessments, water charges and sewer rents which are or may become liens on the Premises, and other charges which may be necessary for the protection of the Premises, and the Plaintiff prays that any sum or sums so paid, together with interest from the date of payment, shall be added to the Plaintiff's claim and be deemed secured by said Note and Axos Mortgage and adjudged a valid lien on the Premises, and that the Plaintiff be paid such sums, together with interest thereon, out of the proceeds of the sale of the Premises.

## SECOND CAUSE OF ACTION
### (Foreclosure of Security Agreement)

44. Plaintiff repeats each and every allegation set forth in paragraphs 1 through 43 as if fully set forth herein.

45. The Axos Mortgage constitutes a "security agreement" within the meaning of the UCC and a fixture filing under the UCC.

46. Borrower failed to cure and remains in default.

47. Under the Axos Mortgage, upon a default, Plaintiff shall have the remedies of a secured party under the Uniform Commercial Code, including the foreclosure of the Security Interest in the Borrower's personal property at the Premises.

## THIRD CAUSE OF ACTION
### (Appointment of a Receiver)

48. Plaintiff repeats each and every allegation set forth in paragraphs 1 through 47 as if fully set forth herein.

49. Borrower failed to cure and remains in default.

50. The Loan Documents expressly allow Plaintiff to seek the appointment of a receiver upon the occurrence of an Event of Default.

51. Plaintiff, as secured party, is threatened with material losses and injuries to the Premises and a dissipation or diminution in value of the same if Defendants remain in control of Premises.

52. Therefore, in accordance with Rule 66 of the Federal Rules of Civil Procedure, Plaintiff, as a secured creditor, asks the Court to appoint a receiver to take immediate possession of and hold, subject to the discretion of this Court, the Premises for the benefit of Premises.

**WHEREFORE,** Plaintiff Axos demands judgments against Defendants:

(i) Adjudging the principal amount of $2,330,575.16, accrued interest, late charges, advances, and attorneys' fees, costs and expenses due to Plaintiff Note and the Axos Mortgage;

(ii) Barring and forever foreclosing Defendants and all persons claiming by, through or under them, subsequent to the commencement of this action of all estate, right, title, lien, claim or equity of redemption in the Premises or to any fixtures, fittings and appliances affixed thereto;

(iii) Selling the Premises in one parcel, according to law, and all fixtures, fittings and appliances affixed thereto; bringing the proceeds arising from the sale into Court; and paying to Plaintiff from such proceeds the principal amount due on the Note plus accrued interest at the Default Rate, advances for insurance and real estate property taxes, attorneys' fees and expenses as specified in the Loan Documents, reimbursement for all expenses incurred in obtaining such insurance costs, expenses and disbursements of this action, the expense of sale together with any sums which may have been paid or which may be paid by Plaintiff for taxes, other insurance premiums, water charges, sewer rent and assessments and all surcharges and advances to be paid on the Premises, together with interest thereon from the dates of the respective payments and advances until the date of payment;

(iv) That if the proceeds of the sale are insufficient to pay the amounts due to Plaintiff as set forth herein, the referee conducting the sale shall be required by the judgment of the sale to specify the amount of deficiency in the report of sale so that Plaintiff may make the appropriate application for a deficiency judgment pursuant to Section 1371 of the RPAPL against Borrower and Guarantors;

(v) Directing that all rents issues, proceeds, revenues, profits and income from the Premises be remitted to Plaintiff in accordance with the terms of the Axos Mortgage and directing that such amounts be used to reduce the indebtedness;

(vi) Appointing a receiver of the Premises during the pendency of this action to (i) receive and collect the earnings, revenues, rents, issues, profits and income from the Premises, and (ii) take the necessary measures to protect, improve, and remediate the Premises in order to protect and safeguard the collateral for the Loan, with the usual powers and duties; and

(vii) Awarding Plaintiff such other and further relief as the Court deems just and proper.

Dated: Florham Park, New Jersey
      November 4, 2024

**SAIBER, LLC**
*Attorneys for Plaintiff*

By:   */s/ John M. August*
     JOHN M. AUGUST
18 Columbia Turnpike, Suite 200
Florham Park, NJ 07932
Tel: 973-622-3333
Fax: 973-622-3349
Email: jaugust@saiber.com